■ NIKASIA HALL, an Infant, by Her Mother and Natural Guardian, TINA SINGLETON, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [650 NYS2d 806] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Bellard, J.), dated May 12, 1994, as amended by an order of the same court dated July 11, 1994, which denied their motion to set aside a jury verdict in favor of the defendants and against them, and (2) a judgment of the same court, dated September 16, 1994, which, upon the jury verdict, dismissed the complaint.

Ordered that the appeal from the order, as amended, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Contrary to the plaintiffs' contentions, the Supreme Court properly denied their motion to set aside the jury verdict as against the weight of the evidence. It is well settled that a jury verdict should not be set aside unless "the jury could not have reached the verdict on any fair interpretation of the evidence" (Nicastro v Park, 113 AD2d 129, 134; see, Cohen v Hallmark Cards, 45 NY2d 493, 498). There was a fair interpretation of the evidence supporting the jury's verdict that the defendants did not deviate from good and acceptable medical practice in their care and treatment of the infant plaintiff. Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.